IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**SCOTT ROBERT TARDY,**<br>   a/k/a "**connecticut12345,**"<br>   a/k/a "**slimybanana**" | Criminal No: 3:25-727<br><br>Amended<br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 20 day of May, 2025, between the United States of America, as represented by United States Attorney Bryan P. Stirling, Assistant United States Attorneys Elle E. Klein and Elliott B. Daniels; the Defendant, **SCOTT ROBERT TARDY, a/k/a "connecticut12345," a/k/a "slimybanana,"** and Defendant's attorney, Kathy Evatt. IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, "***Cyberstalking***," in violation of Title 18, U.S.C., §§ 2261A(2)(A), (B) (Count 1), "***False Statements to a Federal Agent***," in violation of Title 18, U.S.C., § 1001(a)(2) (Count 2), and "***Obstruction of Justice***," in violation of Title 18, U.S.C., § 1519 (Count 3). In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1
*(Cyberstalking)*

A. First, that the defendant, with intent to harass, intimidate, kill, or injure, or place under surveillance with the intent to kill, injure, harass, intimidate;

B. Second, used a facility of interstate commerce (including electronic communication services);

C. Third, to engage in a course of conduct; and

D. Fourth, the course of conduct placed the victim in reasonable fear of death or serious bodily injury, or caused, attempts to caused, or would be reasonably expected to cause substantial emotional distress.

*The penalty for this offense is*:

A maximum term of imprisonment as follows:

*If death of the victim results*, for life or any term of years;

*If permanent disfigurement or life-threatening bodily injury to the victim results*, for not more than 20 years;

*If serious bodily injury to the victim results or if the offender uses a dangerous weapon during the offense*, for not more than 10 years.

*If the offense would constitute an offense under chapter 109A* (without regard to whether the offense was committed in the special maritime and territorial jurisdiction of the United States or in a Federal prison, for a term as provided for the applicable conduct under chapter 109A; and

*In any other case*, for not more than 5 years;

plus a fine of $250,000, or both, a term of supervised release of not more than three (3) years, plus a special assessment of $100.

### Count 2
*(False Statements to a Federal Agent)*

A. First, that the defendant made a false, fictitious, or fraudulent statement or representation;

B. Second, that the false, fictitious, or fraudulent statement or representation was material to a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States; and

C. Third, that the defendant acted knowingly and willfully, that is, the defendant knew the statement or representation was false, fictitious, or fraudulent.

The penalty for this offense is:

a maximum term of imprisonment of five (5) years, but if the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then a maximum term of imprisonment of 8 years; a fine of $250,000 and a term of supervised release of three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

### Count 3
### (*Obstruction of Justice*)

A. The defendant altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in any record, document, or tangible object;

B. The defendant did so with intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States,

C. The defendant did so knowingly.

*The penalty for this offense is*:

EBJ-KJE-SPK

A maximum term of imprisonment of not more than 20 years, plus a fine of $250,000, or both, a term of supervised release of not more than f~~ive (5)~~ three (3) years, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she/he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his/her scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

## Stipulation and Agreement for Abandonment of Property

4. The Defendant agrees to voluntarily abandon all my right, title and interest in the iPhone in Black Case, IMEI 359952651948704, S/N NHX3JLJLG3 to the United States. The Defendant hereby stipulates that he may have ownership interest in the above-described property. The Defendant hereby agrees to voluntarily abandon all of his rights, title and interest in the described property to the United States. The Defendant further agrees that the abandonment of such property may at the option of the United States be accomplished through abandonment proceedings, and hereby waives any further notice of such action. The Defendant specifically waives any notice of and any and all requirements and limitations on the time within which such abandonment proceedings may be commenced under any provision of law. The Defendant further specifically waives any Due Process, Double Jeopardy, Eighth Amendment or other constitutional challenges he may have or hereafter claim to have as a result of the abandonment of the described merchandise and any rights to pursue remission or mitigation.

5. The Defendant hereby release, forever discharge, and hold harmless the United States of America, the Federal Bureau of Investigation, and each of their agencies, officers, attorneys, agents servants, employees, successors and assigns, from any and all claims, demands, damages, causes of action or suits, of whatever kind and description, and wheresoever situated, which my heirs or assigns, or any third party ever had, now has, or may have in the future in connection with the seizure, arrest, detention, forfeiture, and abandonment of the above described property. The Defendant further declares he has agreed to voluntarily forfeit and abandon all of his rights, title and interest in the above-described property to the United States.

## Merger and Other Provisions

6. The Defendant represents to the Court that she/he has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255.

This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

< signature block to follow >

5/15/25
Date

_____
SCOTT ROBERT TARDY
DEFENDANT

5/20/25
Date

_____
Kathy Evatt
ATTORNEY FOR THE DEFENDANT

5/20/25
Date

BRYAN P. STIRLING
UNITED STATES ATTORNEY

_____
Elle E. Klein (Fed. ID No. 12941)
Elliott B. Daniels (Fed. ID No. 11931)
ASSISTANT UNITED STATES ATTORNEYS