(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

District of   South Carolina

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| **v.** | ) |
| Scott Robert Tardy | ) |

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number:   3:25-cr-727-JFA-001

USM Number:   94128-511

**Date of Original Judgment:**   2/27/2026
*(Or Date of Last Amended Judgment)*

Kathy Evatt
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1-3 of the Information

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2261A(2)(A), (B) | See Information | 2/13/2025 | 1 |
| 18:1001(a)(2) | See Information | 2/19/2025 | 2 |
| 18:1519 | See Information | 3/4/2025 | 3 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                          ☐ is  ☐ are dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 26, 2026
Date of Imposition of Judgment

s/Joseph F. Anderson, Jr.
Signature of Judge

Joseph F. Anderson, Jr., United States District Judge
Name and Title of Judge

March 3, 2026
Date

AO 245B (SCDC Rev. 10/20) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:     Scott Robert Tardy
CASE NUMBER:   3:25-727-JFA-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Eighty (80) months, consisting of Sixty (60) months as to Counts 1 and 2 and Eighty (80) months as to Count 3; said terms to run concurrently

☒ The court makes the following recommendations to the Bureau of Prisons:
**that defendant be housed at FCI Danbury

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☒ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 10/20)  Judgment in a Criminal Case
　　　　　Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:　　　Scott Robert Tardy
CASE NUMBER:　　3:25-727-JFA-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) years, consisting of Three (3) years as to each count; said terms to run concurrently

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page and the special conditions listed below.

1. You must have no direct or indirect contact with any victim(s), any member of a victim's family, or affected parties in this matter unless specifically authorized by the U.S. Probation Office.

2. You must pay any remaining unpaid restitution balance imposed by the Court in minimum monthly installments of $200.00 to commence 60 days after release from custody. The payments shall be made payable to "Clerk, U.S. District Court" and mailed to 901 Richland Street Columbia, SC. Interest on any restitution/fine ordered is waived. Payments shall be adjusted accordingly, based upon your ability to pay as determined by the Court.

3. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

DEFENDANT:        Scott Robert Tardy
CASE NUMBER:      3:25-727-JFA-001

4.  You must notify the U.S. Probation Officer of any computer, as defined in 18 U.S.C. § 1030(e)(l), or any electronic device that you possess and/or use, or intend to possess and/or use, that can be linked to a computer network, the internet, an internet service provider, or an electronic exchange format, and you must allow the U.S. Probation Officer to install software designed to monitor your activities on any computer or electronic device that you possess and/or use. You must provide complete computer and electronic device use information to the U.S. Probation Officer, including, but not limited to, all data storage devices, passwords, internet service providers, email addresses and accounts, and current and former screen names. You must provide express, written authorization for release of information from your internet service provider. The monitoring software may record any and all activity on personal computers and electronic devices you may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. Unless otherwise approved by the court, any computer or electronic device you possess and/or use must be compatible with the monitoring software used by theU.S. Probation Office. You must permit the U.S. Probation Officer to conduct a preliminary computer or electronic device search to confirm the device's compatibility with the monitoring software. You must permit the U.S. Probation Officer to conduct periodic unannounced searches of any computers or electronic devices subject to monitoring to ensure the monitoring software is functioning effectively and to determine whether there have been attempts to circumvent the monitoring software. You must not install any programs designed to encrypt data of any kind or designed to defeat or circumvent the monitoring software. If you fail to notify the U.S. Probation Officer of a computer or electronic device that you possess and/or use, such computer or electronic device will be considered contraband and may be subject to immediate search and/or seizure by the U.S. Probation Officer. Any computer or electronic device which is incompatible with the monitoring software will be considered contraband and may be subject to immediate search and/or seizure by the U.S. Probation Officer. If there is reasonable suspicion that a violation of a condition of supervision has occurred and that a computer or electronic device subject to monitoring contains evidence of this violation, the U.S. Probation Officer may conduct a search of such computer or electronic device and may search any data storage device compatible with such computer or electronic device, at a reasonable time and in a reasonable manner. You must warn any other people who use the computers and electronic devices subject to monitoring that the computers and electronic devices may be subject to searches pursuant to this condition. This condition does not apply to computers or other network-or internet-capable devices kept and maintained on the premises of your workplace, educational facility, or library. If your work or school provides you with a computer or internet-capable device for off-premises use, that device must be reported to the U.S. Probation Officer and will be subject to monitoring as if it were your personal device. You must pay all costs related to computer and electronic device monitoring or usage.

5.  You must not have or utilize any social networking accounts without the prior approval of the U.S. Probation Officer. A social networking account is any account on a website or app that is primarily intended to facilitate social introductions between two or more persons through the use of personal profiles for the purposes of friendship, meeting others, or information exchanges.

6.  You must satisfactorily participate in and successfully complete a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity).

7.  You must contribute to the cost of any mental health treatment and/or other program services ordered as a condition of supervision not to exceed the amount determined reasonable by the Court-approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___5___ of ___7___

DEFENDANT:        Scott Robert Tardy
CASE NUMBER:      3:25-727-JFA-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____        Date  _____

AO 245B (SCDC Rev. 10/20)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT:          Scott Robert Tardy
CASE NUMBER:        3:25-727-JFA-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 5,738.25 | $ | $ | $ |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Megan and Brandon Simmons | $5,738.25 | $5,738.25 | |

| **TOTALS** | $ 5,738.25 | $ 5,738.25 |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement
$ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for    ☐  fine    ☒  restitution.

☐   the interest requirement for    ☐  fine    ☐  restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (SCDC Rev. 10/20)  Judgment in a Criminal Case
        Sheet 6 — Schedule of Payments

Judgment — Page   7   of   7  

DEFENDANT:      Scott Robert Tardy
CASE NUMBER:    3:25-727-JFA-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $ __6,038.25__ due immediately, balance due

      ☐  not later than _____ , or
      ☒  in accordance with  ☐  C  ☒  D,  ☐  E, or  ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐C,  ☐D, or  ☐F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☒  Payment in equal __monthly__ *(e.g., weekly, monthly, quarterly)* installments of $ __200.00__ over a period of _____ *(e.g., months or years)*, to commence __60 days__ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Case Number
      Defendant and Co-Defendant Names                     Joint and Several         Corresponding Payee,
      *(including defendant number)*      Total Amount           Amount          if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:
      As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.